UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

| | |
|---|---|
| RAPID DEFENSE NETWORK and | : |
| TRANSGENDER LAW CENTER, | : |
| Plaintiffs, | : |
| -against- | : |
| UNITED STATES IMMIGRATION & | : |
| CUSTOMS ENFORCEMENT, | : |
| Defendant. | : |

**COMPLAINT**

Case No. 1:21-cv-6788

----------------------------------------------------------------

Plaintiffs RAPID DEFENSE NETWORK and TRANSGENDER LAW CENTER, by and through their undersigned attorneys, allege:

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., seeking the release of agency records from United States Immigration & Customs Enforcement ("ICE"), a component agency of the United States Department of Homeland Security ("DHS").

2.      Through this action, Plaintiffs seek to compel ICE to release information regarding the treatment of people who identify as transgender in the custody of DHS and ICE. These records will help the public better understand the conditions of detention for immigration detainees who identify as transgender and ICE's operation and oversight of detention facilities that house transgender detainees.

3.      Plaintiffs requested the records at issue in this action from ICE on April 19, 2021. To date, despite their efforts to elicit the records or any substantive agency response, Plaintiffs have not received any determination regarding any of their three requests.  Indeed, Plaintiffs have not received *any* communication from ICE regarding these requests.  The agency's failure to provide any timely response is a violation of ICE's duties pursuant to FOIA.  Its delay and

constructive denial of Plaintiffs' FOIA requests are improper and should not be countenanced. As a matter of law, ICE should be required to fulfill its statutory obligations and release the requested records immediately.

## PARTIES

4.      Plaintiff Rapid Defense Network is a non-profit organization organized under the laws of New York with its principal place of business in New York.  RDN is a legal services organization dedicated to providing pro bono legal assistance to non-citizens facing deportation or detention.  RDN monitors developments in immigration law that affect the rights of noncitizens who are facing detention and deportation and partners with law firms and law school clinics to bring impact litigation and habeas corpus claims on behalf of noncitizens.

5.      Plaintiff Transgender Law Center is a non-profit organization based in California with offices in California, Georgia, and New York.  TLC is the largest national trans-led organization advocating for transgender and gender nonconforming people.

6.      Defendant ICE is an agency of the federal government.  It has possession, custody and/or control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because of Plaintiff RDN's principal place of business in this district.

9.      Defendant has failed to comply with FOIA's time limit provisions, and therefore

Plaintiffs are deemed to have exhausted administrative remedies pursuant to 5 U.S.C.

§ 552(a)(6)(C).

## BACKGROUND

## REQUEST A

10.     On April 19, 2021, Plaintiffs submitted a FOIA request to ICE ("Request A")

seeking the following public records:

- Any records indicating the number of transgender and/or intersex detainees who have been held in solitary confinement (including, but not limited to, administrative or medical segregation) for any period of time or duration between January 1, 2015 through the present at any immigration detention facility, including records related to the length of time of such solitary confinement, and the stated basis for such confinement. These records include, but are not limited to, each report to a Field Office Director pursuant to 6 C.F.R. §§ 115.43(e) and/or 115.68(d) regarding the placement in administrative segregation of a transgender or intersex detainee victim of sexual abuse or assault;

- Any records that reflect or constitute policies, procedures, rules, internal policy guidance, training materials, or legal opinions or memoranda that concern, refer to, or provide guidance that include the phrases "solitary confinement," "administrative segregation," or "medical segregation" and the words "transgender" or "intersex;" and

- Any records that reflect or constitute policies, procedures, rules, internal policy guidance, training materials, or legal opinions or memoranda that concern, refer to, or provide guidance that include the phrase "protective custody" and the words "transgender" or "intersex."

A true and correct copy of Request A is attached hereto as Exhibit 1.

11.     ICE has failed to respond to Request A. In an effort to avoid litigation, counsel for

Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request A.  A

true and correct copy of that email is attached hereto as Exhibit 2.  To date, Plaintiffs' counsel has not

received any response.

12.     Plaintiffs therefore have exhausted their administrative remedies regarding

Request A pursuant to 5 U.S.C. § 552(6)(C)(i).

## REQUEST B

13.     Also on April 19, 2021, Plaintiffs submitted a FOIA request to ICE ("Request B")

seeking the following public records:

- Copies of each annual report completed on or after January 1, 2015 by the ICE Prevention of Sexual Assault Coordinator pursuant to 6 C.F.R. § 115.87(c);

- Copies of each annual report completed on or after January 1, 2015 pursuant to Section 5.11 of ICE Policy No. 11062.2:  *Sexual Assault and Abuse Prevention and Intervention* (SAAPI Directive), May 22, 2014, which is available at  https://www.ice.gov/doclib/detention-reform/pdf/saapi2.pdf;

- Copies of each annual report from each facility completed on or after January 1, 2015 and provided to the ICE PSA Coordinator pursuant to 6 C.F.R. § 115.86(c);

- Copies of the documentation of each grievance related to sexual abuse or assault provided to any ICE Field Office Director since January 1, 2015, pursuant to 6 C.F.R. § 115.52(e);

- Copies of all records, including memoranda and communications, created on or after January 1, 2015 that contain the words "transgender" or "intersex" and the term "PREA" or "Prison Rape Elimination Act;" and

- All records identifying ICE employees, contractors, subcontractors, and other detention facility staff who have been criminally charged for offenses in which the alleged victim(s) were detainees since January 1, 2015.

A true and correct copy of Request B is attached hereto as Exhibit 3.

14.     ICE has failed to respond to Request B.

15.     In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an

email to a DHS FOIA officer, asking to discuss FOIA Request B.  A true and correct copy of

4

that email is attached hereto as Exhibit 4.  To date, Plaintiffs' counsel has not received any response.

16.     Plaintiffs therefore have exhausted their administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i).

## COUNT I

17.     Plaintiffs repeat, reallege and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

18.     ICE is an agency subject to FOIA and must disclose in response to a proper request for records all responsive records within its control and provide a lawful reason for withholding any portion of the records requested.

19.     ICE has failed to provide records responsive to Requests A and B within the time limits required by FOIA. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies.

20.     ICE has violated FOIA by failing to issue a determination and to release the records within the time limits required by law.

17.     ICE has no lawful basis for failing to disclose the records sought by Requests A and B.

18.     Accordingly, Plaintiffs are entitled to an order enjoining Defendant from withholding agency records and compelling the production of records sought by Requests A and B.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

   a.   Declare that the records sought by Request A and B are public and must be disclosed;

   b.   Enjoin ICE from withholding the records sought by Requests A and B;

   c.   Order ICE to provide the records sought by the Requests A and B to Plaintiffs within 10 business days of the Court's order;

    d.   Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.   Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: August 12, 2021

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Jacquelyn N. Schell*
Jacquelyn N. Schell
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
schellj@ballardspahr.com

Matthew E. Kelley (application for admission *pro hac vice* forthcoming)
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

*Counsel for Plaintiffs*

Sarah T. Gillman
RAPID DEFENSE NETWORK
11 Broadway, Suite 615
New York, NY 10004-1490
sarah@defensenetwork.org

*Counsel for Rapid Defense Network*

Lynly S. Egyes
Transgender Law Center PO Box 70976
Oakland, CA 94612
Tel: 973-454-6325

*Counsel for Transgender Law Center*