

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
40 Foley Square, Room 2204
New York, New York 10007

Re:   *Rapid Defense Network,* et al. v. *ICE*
      21 Civ. 6788 (PGG)

**MEMO ENDORSED**:
The initial pretrial conference currently scheduled for November 18, 2021 is adjourned sine die. The parties will submit a joint letter by **December 1, 2021** to update the Court on the status of their settlement negotiations.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

Dear Judge Gardephe:

    The parties to the above-referenced Freedom of Information Act ("FOIA") litigation submit this letter, as required by the Court's Order dated August 18, 2021 [Dkt. No. 11]. Counsel for defendant United States Immigration and Customs Enforcement) ("ICE" or the "Government") has conferred with counsel for plaintiffs Rapid Defense Network and Transgender Law Center ("Plaintiffs"), who join in this letter. An initial pretrial conference for this case is scheduled for **10:15 a.m.** on **November 18, 2021**. The parties believe an initial conference is not necessary at this time given the current case status as described below, and respectfully request that the conference be adjourned without date. If the Court wishes to see the parties for any reason, however, we are more than happy to attend.

**1.   A Brief Description of the Case**

    This is an action under the FOIA, in which Plaintiffs seek records regarding the treatment and conditions of confinement of civil immigration detainees who identify as transgender or intersex.[1] The first FOIA request at issue ("Request A") seeks records about the numbers of transgender or intersex detainees held in solitary confinement and the policies and procedures implemented by ICE regarding those detainees. The second FOIA request at issue ("Request B") seeks records regarding sexual assaults suffered by immigration detainees in general and transgender and intersex detainees in particular. Plaintiffs Rapid Defense Network and Transgender Law Center are nonprofit organizations devoted to advocating for the rights of non-citizens and transgender and gender nonconforming people, respectively, and both intend to use these records to inform the public regarding the treatment of transgender and intersex people in civil immigration detention. *See* Compl. ¶¶ 2, 4-5 [Dkt. No. 1].

    The Government asserts that it is exercising due diligence in processing Plaintiffs' FOIA requests, and that exceptional circumstances necessitated additional time for the respective ICE components to process those requests. The Government further asserts that some of the

---

[1] The parties respectfully refer the Court to Plaintiffs' FOIA requests for a true and complete statement of their contents. *See* ECF Nos. 1-1 (Request A), 1-3 (Request B).

requested records, or portions thereof, may be exempt from disclosure under 5 U.S.C. § 552(b), and that the Court lacks subject matter jurisdiction over any requests for relief that exceed the relief authorized under FOIA.

**2.  Contemplated Motions**

After the Government has produced all responsive-non-exempt material in its possession, the Government may file a motion for summary judgment to justify its searches and withholdings, if any. Plaintiffs may also file a cross-motion for summary judgment challenging the Government's searches and the basis for its withholdings.

**3.  Discovery**

Because this is an action brought under FOIA, which is in essence review of an agency action, at this time the parties do not anticipate taking discovery in this case, and understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b). Accordingly, the parties respectfully request to be relieved of the obligation to submit a proposed Civil Case Management Plan pursuant to Fed. R. Civ. P. 26(f) and Your Honor's Individual Practices in advance of the initial conference. Furthermore, no scheduling order is needed because the parties expect that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment. *See Wood v. F.B.I.*, 432 F.3d 78, 85 (2d Cir. 2005) ("'[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face,' and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." (citation omitted)).

**4.  Settlement Discussions and Prospect of Settlement**

The parties have been in discussions regarding (1) Plaintiffs' willingness to narrow the scope of certain parts of their second FOIA request, and (2) the Government's ability to estimate processing, consultation, and production schedules. By December 1, 2021, the parties will provide a status update to the Court containing the parties' agreed-upon schedule for reviewing and processing non-exempt portions of responsive records. The parties will attempt to reach agreement on all deadlines, but will seek the Court's assistance if there are any disputes regarding deadlines.

Once all agreed-upon productions conclude, however, a final determination as to the scope of any dispute between the parties will have to wait until the Government has made its final responses to the requests and the parties have had an opportunity to meet and confer regarding these responses, with the goal of attempting in good faith to consensually narrow, if not eliminate, any areas of dispute.

We thank the Court for its consideration of this letter.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By:   */s/ Tomoko Onozawa*
                TOMOKO ONOZAWA
                Assistant United States Attorney
                86 Chambers Street, Third Floor
                New York, New York 10007
                Tel.: (212) 637-2721
                E-mail: tomoko.onozawa@usdoj.gov

cc:   **via ECF**
      All Counsel of Record